# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEROY COLLINS,
:
      Petitioner,                                  Case No. 3:06-cv-256

:            District Judge Walter Herbert Rice
   -vs-                                          Chief Magistrate Judge Michael R. Merz

TIM BRUNSMAN, Warden,
:
      Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought by Petitioner Leroy Collins under 28 U.S.C. § 2254 to seek relief from his conviction and sentence in the Montgomery County Common Pleas Court on two counts of felonious assault. Petitioner pleads the following grounds for relief:

> **Ground One:** Double jeopardy.
>
> **Supporting Facts:** The state trial court erred to the prejudice of the Defendant when it violated State and Federal constitutional rights when it convicted and sentenced the Defendant for 2 separate crimes that arose out of the same single course of conduct, which actions were allied offenses of similar import, thus violating state and federal constitutional prohibiting double jeopardy. The sentencing judge admitted during sentencing that actions were one continuous act.
>
> **Ground Two:** Defendant was denied his constitutional rights to due process, trial by an impartial jury, and effective assistance of counsel.
>
> **Supporting Facts:** Defense counsel's representation fell below an objective standard of reasonableness at the jury selection, trial, and sentencing.
>
> **Ground Three:** The state trial court erred to the Defendant's

prejudice when it imposed the maximum sentence.

**Supporting Facts:** Defendant was sentenced to the maximum sentence and the trial judge rather than the jury made findings of fact subsequently enhancing Defendant's sentence. The trial judge alone used testimony that wasn't on the trial record at sentencing.

**Ground Four:** The verdict was based upon insufficient evidence and/or contrary to the manifest weight of the evidence.

**Supporting Facts:** The alleged victim was an 18 year old crack cocaine drug addict. She had stolen money from the Defendant. She was the one to have had the scissors. She started the physical altercation and her injuries were merely the result of a mutual struggle and fight. Accordingly, there was insufficient evidence and/or the court's finding was against the manifest weight of the evidence to convict the Defendant of the elements of committing felonious assault by causing serious physical harm [emphasis sic].

**Ground Five:** Petitioner had his Fifth Amendment U.S. Constitutional rights violated when the trial court judge at sentencing of Petitioner denied Petitioner is constitutional right to due process when the sentencing judge seized personal money out of Defendant's pocket and at that time ordered this money be given to so-called victim for restitution even though no proof or documentation of alleged qualified economic loss was ever produced.

(Petition, Doc. No. 3.)

**Procedural History**

Petitioner was indicted by the Montgomery County grand jury in January, 2003, on two counts of felonious assault. He was convicted by a jury and sentenced to two concurrent eight-year terms of incarceration and to forfeit $1,320.00 in partial restitution. On direct appeal, Petitioner asserted (1) that his crimes were allied offenses of similar import, (2) that money had been seized from him and applied to restitution without due process, (3) the that trial court had failed to give him

jail time credit, (4) that the trial court had improperly imposed a fine and costs although he was indigent, (5) that the trial court had imposed an appellate bond beyond his means, (6) that the trial judge violated Ohio's sentencing statutes in imposing a maximum sentence, (7) that he was denied effective assistance of counsel, and (8) that the verdict was based on insufficient evidence or was against the manifest weight on the evidence (Appellant's Brief, Ex. 17 to Return of Writ, Doc. No. 10).

The Court of Appeals reversed and remanded on the restitution claim, the second assignment of error, but otherwise affirmed (Opinion, Ex. 21 to Return of Writ, Doc. No. 10). Petitioner filed a timely motion for reconsideration on assignment of error 6, an issue arising under *Blakely v. Washington*, 542 U.S. 296 (2004), which the Court of Appeals took under advisement pending the Ohio Supreme Court decisions in *State v. Foster* and *State v. Quinones*, cases then pending in the Ohio Supreme Court raising the constitutionality of Ohio's sentencing statutes under *Blakely*.

Petitioner also filed a timely *pro se* notice of appeal to the Ohio Supreme Court from the affirmance of his conviction (Ex. 25 to Return of Writ, Doc. No. 10), and the Ohio Supreme Court accepted jurisdiction on the *Blakely* issue. On May 3, 2006, the Ohio Supreme Court remanded for resentencing consistent with its decision in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006) (Ex. 28 to Return of Writ, Doc. No. 10). Thereafter Petitioner was resentenced to the same sentence he initially received, two concurrent eight-year terms. (Ex. 29 to Return of Writ, Doc. No. 10). Petitioner filed two appeals from that decision, but raised only an assignment of error having to do with the restitution claim. The appeals were consolidated but remained pending as of the date Respondent filed his Return of Writ, November 30, 2006. However, on October 5, 2007, the Court of Appeals affirmed the restitution order. (See Opinions available on the website of Gregory Brush,

Montgomery County Clerk of Courts.)

## Analysis

### Ground One

In Ground One, Petitioner claims his right not to be placed twice in jeopardy for the same crime was violated when he was convicted and sentenced on two counts of felonious assault, one for inflicting serious physical harm under Ohio Revised Code § 2903.11(A)(1) and one for use of a deadly weapon under Ohio Revised Code § 2903.11(A)(2).

Respondent asserts that the Ohio Court of Appeals decided this question adversely to Petitioner and that the state court's decision is not an objectively unreasonable application of clearly established United States Supreme Court law.

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law.  See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).   To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

> determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537

U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam)*.

*Brown v. Payton,* 544 U.S. 133, 134 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005).

In deciding Petitioner's first assignment of error, the Montgomery County Court of Appeals wrote:

> [*P5] Collins' first assignment of error:
>
> [*P6] "The trial court erred and violated Defendant's State and Federal constitutional rights when it convicted and/or sentenced Defendant for two separate crimes that arose out of the same single course of conduct, which actions were allied offenses of similar import."
>
> [*P7] Collins contends that because his two counts of felonious assault were allied offenses of similar import under R.C. §2941.25, he should not have been convicted of and sentenced for both crimes. We disagree.
>
> [*P8] "In Ohio, R.C. 2941.25 is the basis for determining whether cumulative punishments imposed in a single trial for more than one offense arising out of the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. *State v. Rance*, 85 Ohio St.3d 632, 639, 1999 Ohio 291, 710 N.E.2d 699. The statute manifests the General Assembly's intent to permit cumulative punishments for the same conduct in appropriate cases. Id." *State v. Brown*, Montgomery App. No. 19113, 2002 Ohio 6370.
>
> [*P9] Revised Code Section 2941.25 provides: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> [*P10] "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

> [*P11] Two crimes are allied offenses of similar import when the elements of the crimes, compared in the abstract, correspond to such a degree that the commission of one crime will result necessarily result in the commission of the other crime. *Rance*, supra, at 636-39, citations omitted. If the elements do so correspond, the defendant may only be convicted of both crimes if he committed the two crimes separately or with a separate animus. Id. at 638-39. If not, the offenses are of dissimilar import, and multiple convictions are permitted. Id. at 636, citations omitted.
>
> [*P12] Collins was charged with and convicted of two counts of felonious assault, one under R.C. §2903.11(A)(1), which is committed by knowingly causing serious physical harm to another, and one under R.C. §2903.11(A)(2), which is committed by knowingly causing or attempting to cause physical harm to another by means of a deadly weapon. Thus, a conviction under R.C. §2903.11(A)(1) requires that the defendant cause serious physical harm, while a conviction under R.C. §2903.11(A)(2) requires that the defendant cause or attempt to cause any degree of physical harm. Furthermore, the use of a deadly weapon is an element of R.C. §2903.11(A)(2), but not of R.C. §2903.11(A)(1). Accordingly, this Court has held that an abstract comparison of these crimes shows that the elements of these offenses do not correspond to such a degree that the commission of one crime will result in the commission of the other. *State v. Powell* (Dec. 15, 2000), Montgomery App. No. 18095, 2000 Ohio App. LEXIS 5829. See, also, State v. Coach (May 5, 2000), Hamilton App. No. C-990349, 2000 Ohio App. LEXIS 1901.
>
> [*P13] Because convictions for felonious assault under R.C. §2903.11(A)(1) and R.C. §2903.11(A)(2) are not allied offenses of similar import, Collins' first assignment of error must be overruled.

*State v. Collins*, 2005 Ohio App. LEXIS 3582 (Ohio App. 2nd Dist. July 29, 2005).

This Opinion of the Court of Appeals discusses these two counts of felonious assault only in terms of whether they were allied offenses of similar import under Ohio Revised Code § 2941.25. If the Court of Appeals understood that was the only issue it was deciding, then the decision would be on a question of state law only. A federal habeas court cannot review state court decisions on questions of state law; rather habeas jurisdiction is limited to deciding whether a person is confined

in violation of federal constitutional law. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983).

On the other hand, Petitioner pleads in this Court a violation of the Double Jeopardy Clause. Respondent does not claim that Petitioner failed to fairly present this claim in the state courts and thus it is not procedurally defaulted. The Court of Appeals may or may not have thought it was deciding that issue as well, as it mentioned that Ohio Revised Code § 2941.25 is the basis in Ohio for deciding whether a conviction violates the Double Jeopardy Clause, *citing State v. Rance*, 85 Ohio St.3d 632, 710 N.E. 2d 699 (1999). In that case the Ohio Supreme Court decided that both state and federal double jeopardy concerns were satisfied if the General Assembly intended to permit cumulative punishment for conduct that could qualify as two crimes. The court wrote:

> The test outlined in *Blockburger* for determining whether two offenses are the same for double jeopardy purposes is whether each offense requires proof of an element that the other does not. Id. See, also, *Brown v. Ohio* (1977), 432 U.S. 161, 165-166, 97 S. Ct. 2221, 2225-2226, 53 L. Ed. 2d 187, 194-195.
>
> A legislature, however, may prescribe the imposition of cumulative punishments for crimes that constitute the same offense under *Blockburger* without violating the federal protection against double jeopardy or corresponding provisions of a state's constitution. *Albernaz v. United States* (1981), 450 U.S. 333, 344, 101 S. Ct. 1137, 1145, 67 L. Ed. 2d 275, 285; *State v. Bickerstaff* (1984), 10 Ohio St. 3d 62, 65, 10 Ohio B. Rep. 352, 355, 461 N.E.2d 892, 895. In this regard, where a legislature expresses its intent to permit cumulative punishments for such crimes, the *Blockburger* test must yield. *Albernaz*, 450 U.S. at 340, 101 S. Ct. at 1143, 67 L. Ed. 2d at 282. See, also, *Bickerstaff*, 10 Ohio St. 3d at 66, 10 Ohio B. Rep. at 356, 461 N.E.2d at 896, fn. 1. "The Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter* (1983), 459 U.S. 359, 366, 103 S. Ct. 673, 678, 74 L. Ed. 2d 535, 542. See, also, *Moss*, 69 Ohio St. 2d at 518, 23 Ohio Op. 3d at 449, 433 N.E.2d

>at 184-185.
>
>For this reason, although two offenses constitute the same offense under *Blockburger*, when a legislature signals its intent to either prohibit or permit cumulative punishments for conduct that may qualify as two crimes, application of *Blockburger* would be improper; the legislature's expressed intent is dispositive. *See Ohio v. Johnson* (1984), 467 U.S. 493, 499, 104 S. Ct. 2536, 2541, 81 L. Ed. 2d 425, 433.

*State v. Rance,* 85 Ohio St. 3d at 634-35. The court went on to hold that, if a conviction did not offend Ohio Revised Code § 2941.25, it would therefore not offend either the Ohio or the federal Double Jeopardy Clause and that "[t]he applicable test for deciding that issue is as follows: If the elements of the crimes " 'correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.' "

In this case, the Court of Appeals applied the *Rance* test and found that, in accordance with its own precedent[1], a violation of the serious physical harm statute did not necessarily correspond with a violation of the use of a deadly weapon statute. That decision was clearly correct. It is plainly possible to use a deadly weapon in assaulting someone without inflicting serious physical harm as in a stabbing with a knife which in fact inflicts only a minor wound. It is also plainly possible to inflict serious physical harm, even death, by use of the hands alone and without a deadly weapon.

If it were necessary to analyze this case separately under the relevant federal case law, *Blockburger v. United States*, 284 U.S. 299 (1932), the result would be no different because each

---

[1] In his Traverse, Petitioner relies on authority from the Hamilton County Court of Appeals, *State v. Ware*, 44 Ohio App. 3d 201 (1988). However, the Montgomery County Court of Appeals is a court on the same level as the *Ware* court and thus entitled to rely on its own precedent.

of these two offenses contains an element which the other does not, to wit, serious physical harm in one of the offenses and use of a deadly weapon in the other.

Petitioner's first Ground for Relief is therefore without merit.

## Ground Two

In his second Ground for Relief, Petitioner asserts he received ineffective assistance from his trial counsel. The only form in which this claim was made in the state courts and thus the only such claim preserved for federal review is the claim that counsel performed defectively in the selection of the jury. On that issue, the state court of appeals held:

> [*P38] In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S.Ct. 2052. To show deficiency, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance. Id. The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings. Id. Hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time. State v. Cook (1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70.
>
> [*P39] Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. State v. Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*.
>
> [*P40] Collins first maintains that during voir dire counsel improperly gave prospective jurors the impression that Collins had

> previously been convicted of felonious assault. When taken in context, however, this clearly is not the case.
>
> [*P41] Counsel stated, "There's going to be evidence presented that my client had a prior conviction. Because of that prior conviction, will anybody hold that against him as far as the elements of this case? Will they say that because you have done it before, or done something before, then he's got to have done this one? Can everybody agree we have to look at the facts just in this case and not to anything else? Everybody can understand that?" While counsel did say that Collins had "done it before," counsel also clarified by saying if Collins had "done something before." Thus, it appears that the point that counsel was intending to make was that regardless of what Collins' prior conviction was for, the jurors could not use the fact of that conviction to decide that he must also have committed the felonious assaults in this case. This was an effective means of lessening any impact when the jury later learned that Collins was on probation for a prior felony. Moreover, Collins' direct examination testimony reveals that counsel wanted the jury to know why Collins tried to hide his identity from police when they first encountered him. Thus, the jury was going to learn that Collins was on parole for aggravated arson when the felonious assaults against Rippey occurred. For these reasons, we do not believe that counsel's innocuous statement caused prospective jurors to believe that he had previously been convicted of felonious assault.

*State v. Collins, supra.* Because it was plain that the jury was going to learn about Petitioner's prior felony conviction when he took the witness stand, it was good strategy, often employed by defense counsel, to ask in voir dire if jurors are going to be prejudiced about that and inferentially tell them that they shouldn't be. This was a case where the defense clearly depended on Petitioner's taking the stand: no one else could contradict the victim's statements about what happened. Under those circumstances, it is common strategy to take the "sting" out of the prior conviction by admitting it, either during voir dire or on direct examination of the defendant or both.

Thus the Court of Appeals conclusion that there was no ineffective assistance of trial counsel here is not an objectively unreasonable application of *Strickland, supra*, and the second Ground for

-11-

Relief is without merit.

### Ground Three

In Ground Three, Petitioner asserts the state trial court violated his constitutional rights as determined in *Blakely v. Washington*, 542 U.S. 296 (2004), by sentencing him to two concurrent maximum terms. The Ohio Supreme Court has determined that sentencing to more than the minimum term under Ohio Revised Code § 2929.14 on the basis of facts found by the trial judge alone violates a criminal defendant's federal constitutional rights as determined in *Blakely*. *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). In this very case, the Ohio Supreme Court recognized that Petitioner's original sentence violated *Blakely* and remanded the case to the Common Pleas Court for resentencing (Judgment Entry, Ex. 28 to Return of Writ, Doc. No. 10). After Petitioner was resentenced under the post-*Foster* version of Ohio Revised Code § 2929.14 to two concurrent terms of eight years, he again appealed and this appeal was pending when Respondent filed the Return of Writ. Based on the pendency of that appeal, Respondent requested that the Court stay these proceedings pending exhaustion. In his Traverse, Petitioner argues against a stay because he notes that his appeal is highly unlikely to succeed (Traverse, Doc. No. 11, at 5.) He states that he was under the misimpression that resentencing under Foster had to be to a lesser sentence but now understands that "the sentencing judge has full discretion as to what sentencing to impose . . ." *Id.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), while a State can waive exhaustion only if it does so expressly, a district

court need not stay a decision on an unexhausted claim if it denies the claim on the merits. That is what this Court should do with Ground for Relief Three. While Petitioner's original sentence violated *Blakely*, his new sentence does not. The Ohio Supreme Court adopted in *Foster* essentially the same remedy for an unconstitutional sentencing regime as the United States Supreme Court adopted in *United States v. Booker*, 543 U.S. 220 (2005), for dealing with the mandatory United States Sentencing Guidelines, to wit, the unconstitutional requirement for judicial, rather than jury, fact-finding was severed and trial judges were again allowed to exercise their sentencing jurisdiction within the limits provided by the statute. That is what the Common Pleas Court did here on remand: resentence Petitioner to a term within the statutory limits without any of the fact finding previously required by Ohio Revised Code § 2929.14.

Nothing in the United States Constitution calls such a sentence into question. Ground Three for Relief should therefore be denied.

### Ground Four

In his fourth Ground for Relief, Petitioner asserts that his conviction was founded on insufficient evidence and/or was against the manifest weight of the evidence. The Court of Appeals summarized the facts as follows:

> On March 14, 2003 Collins was an overnight guest at the apartment of Jennifer Rippey, a woman that he had met about two weeks earlier. During the early morning hours Collins emerged from the bathroom and grabbed Rippey by the neck, picking her up from the floor and said, "I'm going to kill you, bitch." Collins apparently believed that Rippey had stolen a large sum of money and crack cocaine from him. He kept asking Rippey where "it" was and threatening her life. Rippey did not know what "it" was or why Collins attacked her.

> Collins grabbed a pair of scissors from the living room coffee table and began stabbing Rippey, inflicting numerous wounds on her face, shoulder, breast, and arms. One of her lungs partially collapsed from a stab wound. Collins continued the attack until he was interrupted by a knock on the door by a neighbor. Collins dropped the scissors and ran out the back door. The neighbor brought Rippey to his apartment and waited for paramedics to arrive.
>
> Both Collins and Rippey are drug users, but Rippey denied using drugs on the morning of the attack. Police found a broken crack pipe in the bathroom. Rippey stated that the crack pipe was not hers and that she had not seen it when she used the bathroom before Collins.

*State v. Collins, supra* (Copy at Ex. 21 to Return of Writ, Doc. No. 10.)

Petitioner raised both the sufficiency of the evidence and the manifest weight of the evidence claims. The Court of Appeals decided both of these claims, holding:

> [*P49] "The verdict was based upon insufficient evidence and/or contrary to the manifest weight of the evidence."
>
> [*P50] Finally, Collins purports to contest both the weight and sufficiency of the evidence. As we discussed at length in State v. Hufnagel (Sept. 6, 1996), Montgomery App. No. 15563, 1996 Ohio App. LEXIS 3843, two distinct standards apply to manifest weight and sufficiency of the evidence claims.
>
> [*P51] When reviewing a judgment under a manifest weight standard of review "the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997 Ohio 52, 678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 485 N.E.2d 717.
>
> [*P52] A review of the record reveals that the State presented sufficient evidence from Rippey to prove both counts of felonious assault. Rippey testified that Collins attacked her in her apartment for no apparent reason. He grabbed a pair of scissors from the coffee

> table and inflicted numerous stab wounds, and collapsing one of her lungs. Rippey's injuries required hospitalization and left several scars on her body. This evidence, when viewed in a light most favorable to the prosecution, allows a rational trier of fact to conclude that Collins violated both R.C. §2903.11(A)(1) and R.C. §2903.11(A)(2).

*Id.*

As the Court of Appeals recognized, two different standards govern the sufficiency of the evidence claim and the manifest weight of the evidence claim. The latter claim arises only under state law and this Court may not consider it. To put it another way, it is not a violation of federal constitutional law to convict a person against the manifest weight of the evidence.

However, the insufficiency of the evidence claim does arise under federal law. An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course,

it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In attempting to show that the evidence was insufficient, Petitioner points in his Traverse to a number of facts: the victim was a drug user who had stolen money from him and allegedly started the fight; no expert testimony was offered to show that scissors designed for cutting paper could inflict death; the injuries were inflicted in the heat of passion. Even if the jury found all those facts to be true, they would not mean there was insufficient evidence. As a matter of law, it does not matter who started the fight. Whoever started the fight, Petitioner inflicted wounds on the victim which sent her to the hospital (serious physical harm) with an instrument which was at least capable of collapsing one of her lungs (deadly weapon). Of course, the jury was entitled to believe Ms. Rippey that she didn't know why Petitioner attacked her. Weighing the credibility of witnesses is a matter for the jury, not for a later federal court.

Ground Four is therefore without merit and should be denied.

## Ground Five

In his fifth Ground for Relief, Petitioner asserts that the trial judge ordered money seized from him and paid to the victim as restitution. On one of Petitioner's appeals, the Court of Appeals accepted that argument and ordered the case remanded for a restitution hearing at which it was established that the victim's medical bills were far more than the $1,300 seized. That conclusion was later upheld on appeal, but Petitioner has not abandoned the claim. Apparently misled by the fact that this claim was not repeated in the body of the Petition, Respondent did not reply to it.

However, this claim cannot be heard by a federal court in a habeas corpus case. Habeas corpus is concerned only with the question whether a person is in custody in violation of his or her federal constitutional rights. Questions about deprivations of property which may have occurred during the course of the criminal proceedings must be raised separately in a proceeding under 42 U.S.C. § 1983 or under state law. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). Petitioner's fifth Ground for Relief should be dismissed without prejudice for failure to state a claim upon which habeas corpus relief can be granted.

## Conclusion

In accordance with the foregoing analysis, the first four Grounds for Relief should be dismissed with prejudice and the fifth Ground for failure to state a claim. Because reasonable jurists would not disagree with these conclusions, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 12, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part

upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).